## ALBERT R. NOWLEN v. WILLIAM R. LYON.

*Contract—Partial performance—Severance—Evidence.*

Plaintiff sued to recover $100, which he claimed to have paid defendant as a consideration for his agreement to produce certain documentary testimony on the trial of an ejectment suit, which defendant failed to produce, and the main controversy was whether the agreement was entire or severable. An examination of the opinion is essential to a correct understanding of the points decided.

Error to Berrien. (O'Hara, J.) Argued January 8, 1889. Decided January 25, 1889.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Clapp & Bridgman,* for appellant.

*N. A. Hamilton* and *Alonzo Plummer,* for plaintiff.

CHAMPLIN, J. Nowlen sued Lyon, before a justice of the peace, to recover $100, which he claims he paid to Lyon under an agreement, which he claims to have made with Lyon, that he should produce certain papers called the "Day note and mortgage" upon the trial of an ejectment suit, which Nowlen had brought in the circuit court for the county of Berrien, and which he failed to produce. The case was carried by appeal to the circuit court, and there tried before a jury, and resulted in a verdict and judgment for the plaintiff. Lyon resided in Chicago, Ill., as also did A. J. Nowlen, a brother of plaintiff.

On the trial the plaintiff introduced testimony tending to show that his attorney, A. Plummer, Esq., had advised him that it was material to his case in the ejectment suit to be able to introduce in evidence upon the trial a certain note and mortgage securing the same, through which he derived title, known as the "Day note and mortgage." These papers were supposed to be in the possession of Lyon, and Mr. Plummer went to Chicago to see Mr. Lyon, and ascertain if he had them, and, if so, whether he would produce them. He had an interview with Mr. Lyon, who said he had the note and mortgage; and Mr. Plummer testified that Mr. Lyon refused to produce them, or even look for them, unless he was first paid $100; that it was finally agreed that Nowlen should pay the $100 for the Day note and mortgage, and, if Lyon failed to produce them, he would return the money on demand. He testified that Mr. A. J. Nowlen was present at that inter-

view; that he came home, and subsequently on that agreement sent the money by letter to A. J. Nowlen, whom he understood gave it to Lyon for the Day note and mortgage. This testimony was disputed in some essential particulars by Mr. Lyon. I only state the testimony introduced by plaintiff sufficient to show the ruling of the court upon the question of the admissibility in evidence of a letterpress copy of the letter from Plummer to A. J. Nowlen inclosing the money for Lyon. A. J. Nowlen testified to receiving the letter and money, but he had lost the letter, and after proving its loss the plaintiff offered in evidence the letterpress copy produced by Mr. Plummer. I think the letter was admissible, and sufficient foundation was laid to permit secondary evidence of its contents.

It appears that the money was paid by A. J. Nowlen to defendant, and that he did not produce the Day note and mortgage, for the reason that upon examination of his papers he was unable to find them. He appeared, however, as a witness for plaintiff, and gave his testimony, in the ejectment suit. The main contention at the trial of this case was what in fact was the agreement made between them for which this $100 formed the consideration. The defendant claimed that the money was paid to him to retain him as attorney for plaintiff in the ejectment suit, and for his assistance in or concerning testimony, and producing it, and that Mr. Lyon performed such services as were called for, and, although he did not produce the Day note and mortgage, the plaintiff could not recover unless he suffered loss or damages by reason of the failure by defendant to produce such papers. He also claimed that plaintiff had continued him in his employ, and availed himself of his services, after he knew that he could not produce the

Day note and mortgage, and therefore he could not recover in this action.

A large number of errors are assigned upon the charge of the court, and his refusal to charge as requested by the defendant. Certain it is that portions of the charge, standing alone, are exceptionable, but, when considered as a whole, the theories of the respective · parties were fairly submitted to the jury under the testimony given in the case.

The written evidence of the contract, which was shown by the letter of May 28, 1883,[1] and that of June 11, 1883,[2] is very strong to the effect that the undertaking on the part of Mr. Lyon was entire, and did not permit of a severance whereby he could recover or retain the money paid, or any portion of it, for a partial performance.

The judgment must be affirmed.

The other Justices concurred.

---

[1] The letter of May 28, 1883, was written by the plaintiff to his attorney, Mr. Plummer, and reads as follows:

"If, after investigation, you find it doubtful whether you can succeed in opening up the decrees, and Lyons papers and testimony seem indispensable, then I will give Lyons $100 for his services and expenses as attorney and witness and all papers in his possession in the matter, as stated to yourself and my brother in Chicago.

"A. R. NOWLEN."

[2] The letter of June 11, 1883, was written by plaintiff's attorney, Mr. Plummer, to defendant, and reads as follows:

"I have written A. J. Nowlen to-day, and sent him $100 to make arrangements with you and to retain you. If he does not come to you please see him at once, and be here Thursday, sure, and bring your papers. Don't fail."